## PEPPERS v FORD MOTOR CO.

Ohio Appeals, 8th Dist, Cuyahoga Co.

No. 16921. Decided May 25, 1939

Robert Kaplan, Cleveland, for appellee.

McKeehan, Merrick, Arter & Stewart, Cleveland, for appellant.

## OPINION

By ROSS, J.

Appeal on questions of law from the Municipal Court of Cleveland.

The plaintiff brought suit for damages received when a Ford motor car, which he was driving and which he had purchased from a Ford Sales Agency, was wrecked. He claimed that his injuries were directly due to a defect present in the automobile at the time of the sale, that the brake drums in the front wheels were defective, causing the wheels to lock when the brake was applied. The answer was in effect a general denial.

The jury rendered a verdict in favor of the plaintiff. Motions for judgment were seasonably made by the defendant before and after verdict.

The defendant claims it is entitled here to judgment which the Municipal Court should have rendered and in lieu thereof to a reversal upon the weight of the evidence.

In considering this appeal from the standpoint of the defendant's motion for judgment, full value and weight must be given any evidence in the case, whether introduced by the plaintiff or not. Cincinnati Traction Co. v Williams, 115 Oh St 124. The defendant did not stand upon its motion made after the plaintiff's evidence, but waived the motion by proceeding with its own evidence. Youngstown & Sub. Ry. Co. v Faulk, 114 Oh St 572. We are, therefore, considering the motions for judgment made subsequent to the close of the defendant's evidence.

The outstanding facts are that the plaintiff shortly before he wrecked his car, after he had been operating it some three months, observed that it was acting peculiarly, in that it pulled to the left when the brakes were applied.

No defect had been observed prior to this time, although the plaintiff had driven the car several hundred miles. He took the automobile to a friend, a mechanic, who examined the front wheel and expressed the opinion that the brake drum in the left front wheel was not a perfect circle, but was compressed to the extent of 1/32 of an inch out of round. The plaintiff, at the friend's suggestion, sent it to a garage, and it was returned to plaintiff the following day, with a card from the garage upon which it appears that lubrication was made as this item is checked. What was done other than lubricate the car, does not appear. As far as the record shows, it appears to have performed satisfactorily on the way from the garage to plaintiff's home, some ten miles distant. The mileage marked upon the card was 708 miles. The plaintiff drove the car back and forward from his home and place of business the following day, with no evidence of difficulty. The next day plaintiff drove the car some twenty miles to Brunswick and on his way back to Cleveland at about 2:00 A. M., the brakes locked in going around a bend and the car was wrecked.

Now the predicate of plaintiff's action is that either the manufacturer, the defendant, was negligent in permitting a defective car to be sold to the public or that the manufacturer breached an implied warranty that the car was fit for the purposes for which it was sold. Either predicate is based upon a premise that the car was de-

fective when it left the factory and the control of the manu- ■ facturer. This fact the plaintiff was forced to prove by the preponderance of the evidence. **17 O. Jur. 116.** If there was some substantial evidence to this effect, the plaintiff is en- ■ titled to a re-trial if the evidence does not so preponderate. If there was no substantial evidence of this fact, then the defendant is now entitled to judgment, as it was at the close of its evidence and after verdict. **Hamden Lodge, etc. v Fuel Gas Co., 127 Oh St 469.** The jury has a right to draw ■ any reasonable inference from evidence which logically tends to prove the ultimate fact required to be proved. **17 O. Jur. 85.** But the jury may not guess nor predicate an inference upon an inference. **Sobolovitz v Lubric Oil Co., 107 Oh St 204.** We must take for granted that the brake drum was out of round, but whether this condition existed at the time the automobile left the factory is a matter of pure speculation, in view of undisputed evidence in the record that there are three or four different causes for such a condition, some of which could not in any way be attributable to the manufacturer.

We are also faced with the fact that the left front wheel locked and was found frozen after the car was wrecked. The car had been in the hands of a garage mechanic. What he did to the car is not in the evidence, except as previously noted. It is in evidence, and even if it were not the court would be bound to take judicial ■ notice, that improper adjustment of brakes could produce the results of which complaint is made.

Was the locked wheel due to the out of round brake drum or defective adjustment of the brakes? Is a jury bound to conclude, or even permitted to conjecture or infer that the damages of the plaintiff are due solely to a condition which existed at time of release from the manufacturer, after some three months of use by the owner, over a distance of 708 miles?

Had the evidence shown that the defect in the drum must have existed in the car at the tme of release by the manufacturer, or that the wreck of the car due to frozen brakes must have been due to such defect so shown to exist, then we would have passed out of the realm of speculation and conjecture into that of proof.

A majority of the court find no evidence justifying other than speculation and conjecture upon this requisite element of the plaintiff's case. There is other abundant evidence pointing to an explanation wholly unconnected with any dereliction of ■ the defendant. The entire court, therefore, agrees that the judgment must be reversed. Two members of the court concur in rendering judgment here for the defendant, and it is, therefore, so ordered.

Final judgment for appellant.

MATTHEWS, J., concurs.

HAMILTON, PJ., Dissenting:

I dissent from the conclusion reached by the majority of the court entering final judgment in this case. This conclusion, which necessarily finds, that there was no credible evidence to go to the jury, in my opinion, is not supported by the record.

The plaintiff purchased the automobile in question from a Ford agency. He had driven the car only 600 or 700 miles. He had noticed a drag on the left front wheel. After noticing this drag several times, he took the car to a garage, where a mechanic pulled the wheel and under careful tests found the brake drum out of round; being 1/32nd of an inch wider in one diameter than in the cross diameter. The garage man was not equipped to correct the trouble and advised plaintiff to take the car to the Ford agency, where he had bought the car. This plaintiff did and left it. The Ford agency later took the car to plaintiff's home, stating that it was all right, or words to that effect.

Later plaintiff drove the car to a night club some twenty miles out and was returning between twelve midnight and one o'clock A. M., and traveling about 30 to 35 miles per hour. He approached a curve in the road, and put on the foot brake to slow down for the curve, when the left front wheel, the same wheel which had the unround brake drum, grabbed and threw the car to the left, over the curb and into a pole. The car was wrecked and plaintiff severely injured.

There was evidence that where a brake drum is out of round, that if in putting on the brake, the lug takes hold at the low spot it will grab at the high spot causing the wheel to lock. It seems to the writer that there was ample evidence from which the jury could infer that the defective brake was the cause of the accident, and it did so find.

The law is, that a manufacturer who puts on sale a defective instrumentality used for certain purposes is liable to a sub-purchaser for injuries resulting from such use, caused by such defect. **Dow Drug Co. v Nieman et, 57 Ob Ap 190,** and cases therein cited; MacPherson v Buick Motor Car Co., 217 N. Y. 382, L. R. A. 1916 F, 696.

Under this rule of law, applied to the facts in the case, the writer is of the opinion that it was purely a jury case.